UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAISY WASHINGTON-GROSS,

        Plaintiff,                  Case No. 16-cv-11298
                                                HONORABLE VICTORIA A. ROBERTS

v.

NIKE, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 8, 2016, Daisy Washington-Gross filed a *pro se* Complaint against Nike, Inc. asserting patent infringement. The Court dismissed the action on April 19, 2016, under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim on which relief may be granted. ECF No. 4. Washington-Gross timely challenges that decision through a Motion for Reconsideration filed on April 22, 2016. ECF No. 5. The Motion is **DENIED**.

Local Rule 7.1(h)(3) provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).   "It is an exception to the norm for the Court to grant a

motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

The Court previously found that Washington-Gross's Complaint failed to state a claim for patent infringement. Washington-Gross's Motion for Reconsideration provides supplemental documentation of the patent application numbers, including specifications and drawings. Crucially, however, Washington-Gross does not specifically assert any palpable defects or articulate how those defects will result in a different outcome of the case. These failures make it impossible for Washington-Gross to meet her burden under a motion for reconsideration. In addition, the Motion does not make the necessary showings by implication. The outcome will not change because none of the material before the Court discusses status of the patent applications and how the infringement occurred, meaning that Washington-Gross will not be able sustain a claim of infringement. *See e.g.*, *Smith v. McClure*, No. 6:10-cv-00022, 2010 WL 2326536, at *3-4 (W.D. Va. June 8, 2010), *aff'd*, 396 F. App'x 961 (4th Cir. 2010). Therefore, Washington-Gross's Motion for Reconsideration is **DENIED**.

    IT IS ORDERED.

                S/Victoria A. Roberts
                Victoria A. Roberts
                United States District Judge

Dated:  April 25, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record and Daisy Wahington-Gross by electronic means or U.S. Mail on April 25, 2016.

s/Linda Vertriest
Deputy Clerk